IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-193-D-3

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
HEATHER DAWN NELSON, )
)
Defendant. )

On November 12, 2021, Heather Dawn Nelson ("Nelson" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 180]. On January 20, 2022, the government responded in opposition [D.E. 188]. On February 22, 2022, Nelson replied [D.E. 196]. As explained below, the court denies Nelson's motion.

I.

On February 21, 2020, pursuant to a written plea agreement, Nelson pleaded guilty to conspiracy to distribute and posses with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 841(a)(1) (count one), and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i), and 2 (count three). See [D.E. 107, 116].[1] On August 19, 2020, the court held Nelson's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 127]; [D.E. 135]. The court calculated

---

[1] Nelson was not convicted of or sentenced for stacked section 924(c) counts. See PSR ¶¶ 54–55; cf. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

Nelson's total offense level to be 12, her criminal history category to be IV, and her advisory guideline range to be 21 to 27 months' imprisonment on count one and 5 years' consecutive imprisonment on count three. After granting the government's downward departure motion and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Nelson to 6 months' imprisonment on count one and 30 months' consecutive imprisonment on count three for a total of 36 months' imprisonment. See [D.E. 144]. On November 12, 2021, Nelson moved pro se for a compassionate release. See [D.E. 180].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); McCoy, 981 F.3d at 275–77. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing

2

requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's

3

age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13 cmt. n.2.

Nelson claims to have exhausted her administrative remedies. See [D.E. 196] 1. However, the government argues Nelson has not satisfied the exhaustion requirement, see [D.E. 188] 1–3, and the documents that Nelson submitted in support of exhaustion refer only to good time credit for the RDAP program and not to compassionate release. See [D.E. 196-1]. Cf. United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021). Nevertheless, the court assumes without deciding that Nelson satisfied the exhaustion requirement and addresses her motion on the merits.

In support of her motion for compassionate release, Nelson cites the COVID-19 pandemic, her desire to care for her daughter, her rehabilitation, and BOP policy on good time credit for inmates with firearm charges. See [D.E. 180]; [D.E. 196].

As for the "family circumstances" policy statement, that policy statement applies, in relevant part, to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C). The policy statement applies to "inmates whose biological or legally adopted child or children ("child") are suddenly without a family member caregiver due to that caregiver's death or incapacitation." BOP Program Statement § 5050.50, at 7 (Jan. 17, 2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Nelson's desire to care for her daughter does not qualify as an extraordinary reason under this policy statement. Although the policy statement applies to minor children, Nelson does not allege that there

4

is no other available caretaker for her daughter, whom Nelson states is living with Nelson's father. See [D.E. 196] 2; cf. PSR ¶ 34. Nonetheless, the court considers Nelson's desire to care for her daughter under the "other reasons" policy statement.

Nelson does not allege that she has any medical conditions that place her at heightened risk from COVID-19. She focuses on the general risk from COVID-19 that arises from the nature of the prison environment. See [D.E. 196] 1. Nelson is 33 years old, and her vaccination status is not in the record. Nonetheless, whether or not Nelson has chosen to receive vaccination, the wide availability of COVID-19 vaccines greatly diminishes the risk to Nelson from COVID-19 whether she is in prison or not. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021). The general risk of COVID-19 in the prison environment is not an extraordinary and compelling reason. Nonetheless, the court considers Nelson's concerns about COVID-19 together with her other reasons under the "other reasons" policy statement.

As for Nelson's lack of eligibility for good time credit despite completing RDAP, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [RDAP] may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must serve otherwise." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). However, under a BOP regulation, an inmate who completes RDAP is ineligible for early release when the

5

inmate has a current felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55(b)(5)(ii). Nelson argues that this lack of eligibility due to the BOP regulation constitutes an extraordinary and compelling reason warranting compassionate release.

This court disagrees that the BOP regulation constitutes an extraordinary reason under the policy statement. Cf. United States v. King, 40 F.4th 594, 595 (7th Cir. 2022). Nonetheless, the court considers Nelson's completion of RDAP under the "other reasons" policy statement. See [D.E. 180] 1; [D.E. 188] 8; [D.E. 196-1].

The court assumes without deciding that COVID-19, Nelson's desire to care for her daughter, her rehabilitation, and her completion of RDAP together constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 277-79, 286 n.9; United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Nelson's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Nelson is 33 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting. See PSR ¶¶ 1–13. Nelson possessed a .45 caliber semiautomatic handgun loaded with nine rounds of ammunition in furtherance of her drug trafficking. See id. ¶ 9. Nelson's serious criminal conduct was nothing new. Before her federal offenses, Nelson had convictions for

6

possession of drug paraphernalia, criminal contempt, possession of stolen property, possession of marijuana paraphernalia, and resisting a public officer. See id. ¶¶ 18–25. She has performed poorly on supervision. See id. ¶¶ 18, 21–22.

Nelson has taken some positive steps while federally incarcerated. Nelson earned her GED and completed rehabilitation programs, including RDAP. See [D.E. 180]; [D.E. 196]. And Nelson has not incurred any infractions. See [D.E. 196] 2. Nelson also claims that she "takes full accountability for [her] actions," but her filings in this court and her administrative grievances show that she continues to deny that she possessed the firearm in count three. [D.E. 180] 1; see [D.E. 196-1].

The court must balance Nelson's rehabilitation efforts with her serious criminal conduct, the need to punish her, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Nelson's potential exposure to COVID-19, her desire to care for her daughter, her completion of the RDAP program and ineligibility for a time reduction due to the BOP regulation, her rehabilitation efforts, and her release plan. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Nelson's arguments, the government's response, the need to punish Nelson for her serious criminal behavior, to incapacitate Nelson, to promote respect for the law, to deter others, and to protect society, the court denies Nelson's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

7

As for Nelson's request for home confinement, Nelson seeks relief under the CARES Act. See [D.E. 196] 2. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Nelson requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Nelson's request for home confinement.

III.

In sum, the court DENIES defendant's motion for a compassionate release and request for home confinement [D.E. 180].

SO ORDERED. This 17 day of August, 2022.

JAMES C. DEVER III
United States District Judge